UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRINA RABINOVICH, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-00753 |
| v. | (SAPORITO, M.J.) |
| WILLIAM BARES, JR., et al., | |
| Defendants. | |

# MEMORANDUM

This matter comes before the court on a motion by defendants William Bares, Jr., and Bogies Transport, Inc., for a more definite statement, filed pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 18; *see also* Doc. 25; Doc. 26; Doc. 29.) The motion is fully briefed and ripe for decision. (Doc. 19; Doc. 20.)

The plaintiff, Irina Rabinovich, has filed a complaint asserting state-law negligence claims against multiple defendants,[1] including the two jointly represented moving defendants. (Doc. 1.) In her complaint, the plaintiff alleges that she was involved in a motor vehicle accident

---

[1] In her complaint, the plaintiff alleges that the court may properly exercise subject matter jurisdiction under 28 U.S.C. § 1332, as the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.

with two other vehicles owned or operated by the various defendants. She further alleges that she suffered personal injuries and damages as a result of the negligence of the defendants, and that the motor vehicle accident was caused by the negligence of the defendants and not by any action or inaction by the plaintiff herself. Other than the specific location of the accident, no further factual details about the accident are alleged.

Based on this, the moving defendants have filed a Rule 12(e) motion for a more definite statement. They have not moved for dismissal under Rule 12(b). They contend that the allegations of the complaint are simply too vague for them to answer or mount a defense.

As this court has previously stated:

> Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Even after the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), courts have held that "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed. *Lapcevic v. Strive Enterprises,*

> *Inc.*, No. 2:09-cv-564, 2010 WL 1816752, at *7 (W.D. Pa. Apr. 8, 2010) (quoting *Sun Co. v. Badger Design & Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)). Granting a Rule 12(e) motion is appropriate only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F. Supp. at 368.

*Mushi v. LJ Ross Assocs., Inc.*, Civil Action No. 3:21-cv-01300, 2021 WL 4803781, at *1 (M.D. Pa. Oct. 14, 2021); *see also Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 797–98 (3d Cir. 1967). "The basis for granting such a motion is unintelligibility, *not lack of detail.*" *Cobb v. Nye*, No. 4:14-cv-0865, 2014 WL 7067578, at *5 (M.D. Pa. Dec. 12, 2014) (quoting *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989)) (emphasis added).

Although the complaint in this case may be short on factual details, it cannot be said that the complaint is so unintelligible that the court is unable to make out one or more potentially viable legal theories on which the plaintiff might proceed. The complaint clearly asserts negligence claims against the moving defendants arising out of a particular motor vehicle accident involving vehicles owned or operated by these defendants. Whether it alleges sufficient facts to state a plausible negligence claim upon which relief can be granted is another matter

altogether—one that is not currently before the court. A Rule 12(e) motion for a more definite statement is not a substitute for a Rule 12(b)(6) motion to dismiss, nor is it a substitute for the discovery process. *See Hellyer v. Cty. of Bucks*, Civil Action No. 10-2724, 2014 WL 413874, at *9 (E.D. Pa. Jan. 31, 2014) ("[A] motion under Rule 12(e) is not a substitute for a motion under Rule 12(b)(6) or for discovery procedures."); *Wheeler v. U.S. Postal Serv.*, 120 F.R.D. 487, 488 (M.D. Pa. 1987) ("A motion for a more definite statement is not a substitute for the discovery process. . . . The specific information which the defendant seeks in this case . . . can be obtained through discovery.").

Accordingly, the moving defendants' Rule 12(e) motion for a more definite statement will be denied.[2]

An appropriate order follows.

Dated: February 22, 2023          ***s/Joseph F. Saporito, Jr.***
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge

---

[2] A Rule 12(e) motion for a more definite statement is a non-dispositive motion upon which a magistrate judge may rule. *See Cheshire v. Bank of Am., NA*, 351 Fed. App'x 386, 388 (11th Cir. 2009) (per curiam); *Ault-Sweeting v. Mayorkas*, Civil Action No. 4:21-cv-01510, 2022 WL 1557050, at *3 n.2 (M.D. Pa. May 17, 2022); *Mushi*, 2021 WL 4803781, at *2 n.2 (collecting cases).